Carlos C. Alsina-Batista, Esquire
CAlisinabatista@recoverylawgroup.com
Recovery Law Group
4321 W. College Avenue
Suite 200
Appleton, WI 54915-6167
Telephone: 877-286-2790 ext. 1050
Facsimile: 866-286-8433

Attorney for the Plaintiff
Gail Marie Heurung

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Gail Marie Heurung,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Comenity Bank,<br><br>　　　　Defendant. | CASE NO.:<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES<br><br>　1.　Violation of the Telephone Consumer Protection Act<br>　2.　Violation of the Wisconsin Consumer Act |

COMES NOW Plaintiff Gail Marie Heurung, an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant Comenity Bank's violation of the Telephone Consumer Protection Act 47 U.S.C. §227, et seq. (hereinafter "TCPA"), which prohibits the use automated dialing equipment when making calls to consumers, and for violations of the Wisconsin Consumer Act (hereinafter "WCA") under Wisc. Stat. § 427, et seq., caused by Defendant's unlawful conduct.

2. Plaintiff brings this action against Defendant Comenity Bank (hereinafter "Defendant" or "Comenity") for its abusive and outrageous conduct in connection with debt collection activity.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## GENERAL ALLEGATIONS

5. Plaintiff Gail Marie Heurung (hereinafter "Plaintiff") is an individual residing in the state of Wisconsin.

6. At all relevant times herein, Comenity was a company engaged, by the use of mail, email, and telephone, in the business of collecting consumer debt from Plaintiff.

7. Defendant is a "debt collector" as defined by Wisc. Stat. § 427.103(3)(h) as it is engaged in the collection of Plaintiff's debt personally.

8. Plaintiff opened a credit card account issued by Defendant in March of 2019.

9. Defendant was responsible for the extension of credit on Plaintiff's credit account.

10. The loan Plaintiff took from Defendant was extended primarily for personal, family, or household purposes.

11. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes.

12. Plaintiff's account was an unsecured credit account and Plaintiff began making payments on the account shortly after the account was open and used for purchases.

13. Plaintiff eventually became financially unable to continue making payments on her account.

14. Defendant began contacting Plaintiff to inquire about the status of the account and to collect on the payments that were no longer being made.

15. Plaintiff sent Defendant a letter informing Defendant that Plaintiff was withdrawing her consent to be contacted on her cellular telephone.

16. Plaintiff's notice was sent to defendant on February 3, 2021 via certified mail.

17. Defendant received Plaintiff's letter of revocation and representation on February 16, 2021.

18. Defendant continued to call Plaintiff after the February 3, 2021 certified notice of revocation of consent was sent and subsequently received by Defendant.

19. Defendant continued to contact Plaintiff after she revoked her consent through at least March 3, 2021; the type of contact was through multiple daily phone calls to Plaintiff's cellular telephone.

20. Defendant would call Plaintiff numerous times each day demanding payment on the account and often Plaintiff was contacted two or three times per day.

21. Defendant continued to call Plaintiff on her cellular phone after she had revoked her consent.

22. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

23. Defendant's automatic dialing machine contains the capacity to randomly dial numbers.

24. Defendant would use a pre-recorded voice when calling Defendant.

25. Defendant would leave pre-recorded messages on Plaintiff's cell phone.

## FIRST CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant)

26. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

27. Defendant was informed the Plaintiff revoked her consent to be contacted by Defendant in February of 2021.

28. Defendant called Plaintiff repeatedly since Plaintiff withdrew her consent to be contacted by an automatic dialing machine on her cellular telephone.

29. Defendant received Plaintiff's revocation of consent through certified mail although Defendant continued to contact Plaintiff on her cellular telephone.

30. Defendant continued to use a pre-recorded voice when placing unauthorized calls to Plaintiff's cellular telephone.

31. Defendant's automatic dialing machine has the capacity to randomly dial numbers.

32. Defendant would contact Plaintiff multiple times each day regarding payment on the account.

33. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

34. Defendant contacted Plaintiff at least twenty-five (25) times after she reviked her consent to be contacted on her cellular telephone.

35. Plaintiff still contacted Defendant multiple times each day on her cellular telephone despite receiving notice of Plaintiff's revocation of consent.

36. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1).

37. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

38. Plaintiff expressly revoked consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in early February of 2021.

39. These telephone calls by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1)(A)(iii).

**SECOND CAUSE OF ACTION**
(Violation of the WCA)
(Wisc. Stat. § 427 et seq.)
(Against Defendant)

40. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

41. Section 427.104(1)(h) of the WCA states: "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not….engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

42. Defendant violated WCA § 427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff over twenty-five (25) times in a two week period.

43. It was unfair for Defendant to relentlessly contact Plaintiff through the means of numerous phone calls when Plaintiff notified Defendant to cease calling.

44.  Defendant ignored Plaintiff's demand and continued to systematically place calls to her cellular telephone without her prior consent and especially after Plaintiff revoked her consent to continue to be called.

45.  Defendant engaged in harassing behavior by placing voluminous calls to Plaintiff.

46.  The intent of placing such a large number of harassing calls in such a short period of time was to compel Plaintiff into making payments on the account.

47.  The WCA was designed to protect consumers, such as the Plaintiff, from the exact behavior engaged in by Defendant.

48.  Section 427.104(1)(j) of the WCA further states: "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…claim, or attempt to threaten to enforce a right with knowledge or reason to know the right does not exist."

49.  Defendant violated WCA § 427.104(1)(j) by continuing to place calls to Plaintiff's cellular telephone after Defendant was informed Plaintiff revoked her consent to be contacted by Defendant as Plaintiff was represented by counsel and indicated she no longer authorized calls to be placed to her cellular telephone.

50.  Defendant knew or should have known, it did not have the right to continue to make collection telephone calls directly to Plaintiff's cellular telephone.

51.  Defendant's conduct was outrageous, willful, wanton, and displayed a reckless disregard for the rights of Plaintiff.

52.  Defendant acted in defiance of Plaintiff's letter of attorney representation and revocation of consent and of the demands that were conveyed to Defendant to stop contacting Plaintiff.

53. The high volume of calls placed by Defendant in such a relatively short period of time to Plaintiff clearly demonstrates the attempt by Defendant to harass Plaintiff into ultimately submitting to making payments on the account.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

 **a**. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

 **b**. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

 **c**. A declaration that the practices complained of herein are unlawful and violate the aforementioned statutes.

 **d**. Awarding Plaintiff actual damages pursuant to Wisc. Stat. §427.105, in an amount to be determined at trial.

 **e**. An award of costs and attorney's fees pursuant to Wisc. Stat. §427.308(1) and (2).

 **f**. Enjoining Defendant from further contacting Plaintiff.

 **g**. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 4, 2021      Recovery Law Group, APC

            *s/ Carlos C. Alsina-Batista*____
            Carlos C. Alsina-Batista
            Recovery Law Group, APC
            Attorney for Plaintiff